UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC K. YOUNG,

        Petitioner,

vs.                          Case No. 2:06-cv-33-FtM-29DNF
                            Case No. 2:02-cr-59-FtM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Eric K. Young's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #1), filed on January 13, 2006. The United States filed its Motion to Dismiss (Doc. #7) on March 15, 2006. For the reasons set forth below, the motion to dismiss is granted and the motion under § 2255 is dismissed.

**I.**

Petitioner Eric K. Young (petitioner or Young) was indicted on June 5, 2002, and charged with one count of possession with intent to distribute an unspecified quantity of cocaine. (Cr. Doc. #1.)[1] On September 6, 2002, petitioner plead guilty before a magistrate judge pursuant to a written Plea Agreement. (Cr. Docs.

---

[1]Docket numbers referring to the criminal case are cited as (Cr. Doc. #) And docket numbers referring to the civil case are cited as (Doc. #).

#21, 26.)  On December 10, 2002, petitioner was sentenced to 151 months imprisonment, followed by three years of supervised release. (Cr. Doc. #29.)  The Judgment was filed on December 10, 2002 (Cr. Doc. #30), and petitioner did not file a direct appeal.

In his § 2255 motion, petitioner asserts that his guilty plea and sentence must be vacated in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).  The government seeks dismissal of the § 2255 motion as untimely.

**II.**

**A.  Statute of Limitations:**

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's § 2255 motion was not filed within one year after his conviction became final.  Because petitioner did not file a direct appeal, his conviction became final ten days after the December 10, 2002, judgment (December 24, 2002), Mederos v. United States, 218 F.3d 1252 (11th Cir. 2000), and he had until December 24, 2003 to file the § 2255 motion.  Giving petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the §2255 motion filed on January 10, 2006, the date petitioner signed the motion while incarcerated.  Even so construed, the §2255 motion was filed over three years after the expiration of the statute of limitations as it relates to the Criminal Judgment.

The second event which may start the statute of limitations is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed."  28 U.S.C. § 2255.  Petitioner identifies no government-imposed impediment to filing his §2255 motion, much less makes a showing that the governmental action was unconstitutional. See Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir. 2000), cert. denied, 531 U.S. 971 (2000).

As to the third event, the Eleventh Circuit summarized the required showing in Garcia v. United States, 278 F.3d 1210, 1212-13 (11th Cir. 2002), cert. denied, 537 U.S. 895 (2002).  Petitioner essentially asserts that he falls within the statutory tolling

provision of § 2255 ¶6(3) because of the intervening decisions in Apprendi, Blakely, and Booker.  Under this provision, the Supreme Court must recognize the existence of a new right and that right must be made retroactive to cases on collateral review.  The Eleventh Circuit has held "that Booker*'s* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004), cert. denied, 547 U.S. 1097 (2006)), cert. denied, 546 U.S. 924 (2005).  See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 548 U.S. 1050 (2006); United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will.").  Since petitioner's case became final prior to Booker, the motion is not timely under this provision.[2]

Finally, petitioner has not established any basis to find that the limitations period was equitably tolled.  Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond petitioner's control and unavoidable even with diligence.  Jones v. United

---

[2]Petitioner does not assert that the fourth event applies, and the Court finds no basis to consider it.

States, 304 F.3d 1035, 1039 (11th Cir. 2002), cert. denied 538 U.S. 947 (2003).  Petitioner has not satisfied his burden in this case.

Because petitioner did not file his motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his motion is untimely and is therefore time-barred.

Moreover, as discussed above, the Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela, 400 F.3d at 867-68. Since petitioner's case became final prior to Booker, the issues cannot be raised in a § 2255 petition and the petition must be dismissed.

Since petitioner is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by petitioner.  United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).  The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no basis for authority to reduce or vacate the sentence in this case and no procedural mechanism to preserve an

argument before it is recognized by the Supreme Court as retroactive. See Avila v. United States, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670, *3-5 (M.D. Fla. Dec. 19, 2005).[3]

Accordingly, it is now

**ORDERED**:

1.   The United States's Motion to Dismiss (Doc. #7) is **GRANTED**.

2. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person n Federal Custody (Doc. #1) is **DISMISSED**.

3.   The Clerk shall enter judgment in the civil case accordingly, and close the file.  The Clerk shall file a certified copy of the judgment in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of July, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Petitioner
AUSA

---

[3]Slip Copy attached.